Lamar Smith # 35609-044
_____
Name and Prisoner/Booking Number

U.S. Penitentiary
_____
Place of Confinement

P.O. Box 24550
_____
Mailing Address

Tucson AZ 85734
_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

```
┌─────────────────────────────┐
│ ✓ FILED _____  _____ LODGED │
│   RECEIVED ____  _____ COPY  │
│   ┌───────────────────────┐  │
│   │    JUL - 8 2022        │  │
│   └───────────────────────┘  │
│   CLERK U S DISTRICT COURT   │
│   DISTRICT OF ARIZONA        │
│ BY _____ DEPUTY   │
└─────────────────────────────┘
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Lamar Smith # 35609-044 ,
_____
(Full Name of Plaintiff)

                        Plaintiff,

v.

(1)  S. Waite ,
_____
(Full Name of Defendant)

(2)  J. Alexander ,
_____

(3)  D. Cisneros ,
_____

(4)  FNU Bulger ,
_____

                        Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. __CV-22-00300-TUC-RM(PSOT)__
                        (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☑ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred:  USP Tucson .

**550/555**

# Page 1-A

(5) FNU Masterson — Lieutenant

(6) A. Flores — Officer

(7) FNU Cisneros — Officer

(8) John Doe # 1, 2, 3, 4, 5 — Medical Staff

(9) Johnny Dukett — Lieutenant

(10) A. Gallion — former Lieutenant

(11) J. Francis — Officer

(12) Jeremy Ulrich — Lieutenant

(13) Sharon Bass — Health Services Admin.

(14) FNU Radford — Asst. Health Services Admin.

(15) C. Newland — Mid-Level Practitioner

(16) Barbara Blanckensee — Former Warden

(17) Gene Beasley — Former Regional Director

(18) Catricia Howard — Former Warden

(19) D. Gonzales — Associate Warden

(20) Federal Bureau of Prisons

## B.  DEFENDANTS

1.  Name of first Defendant: _S. Waite_____.  The first Defendant is employed
as: _Clinical Director_____ at _USP Tucson_____.
                    (Position and Title)                              (Institution)

2.  Name of second Defendant: _J. Alexander_____.  The second Defendant is employed as:
as: _Health Services Administrator___ at _USP Tucson_____.
                    (Position and Title)                              (Institution)

3.  Name of third Defendant: _D. Cisneros_____.  The third Defendant is employed
as: _Correctional Officer_____ at _USP Tucson_____.
                    (Position and Title)                              (Institution)

4.  Name of fourth Defendant: _FNU Bulger_____.  The fourth Defendant is employed
as: _Medical_____ at _USP Tucson_____.
                    (Position and Title)                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

a.  First prior lawsuit:
1.  Parties: _____ v. _____
2.  Court and case number: _____.
3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____

b.  Second prior lawsuit:
1.  Parties: _____ v. _____
2.  Court and case number: _____.
3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____

c.  Third prior lawsuit:
1.  Parties: _____ v. _____
2.  Court and case number: _____.
3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
    _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>Violation of the 8th Amendment</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☑ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

The plaintiff was injured at USP Tucson contracting Necrotizing Fasciitis in his left knee. Necrotizing fasciitis is a serious infection of the skin, the tissue that covers internal organs, and subcutaneous tissue. It can be caused by several different types of bacteria. A prompt diagnosis and treatment are essential, if the infection is not treated promptly, it can lead to multiple organ failure and death. Treatment typically includes intravenous antibiotics and surgery to remove infected and dead tissue. On feeling pain, fever symptoms, and swelling the plaintiff told the unit officers R. Sheriff and A. Flores to summon medical aid. They called defendant Doe #1 who refused to examine plaintiff on 7-8-21. On 7-9-21 plaintiff begged Dr. Licata (his psychologist), Lt. Masterson and T. Bulger of his pain and symptoms but was refused an examination. Video cameras captured plaintiff stumbling from his unit to the main corridor where defendant Cisneros was shown the swollen, infected knee and asked for medical aid but Cisneros and Bulger refused medical assistance and threatened plaintiff with placement in the SHU if (See Page 7)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I?  ☐ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?  ☐ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____

3

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                               ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count II?           ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?  ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

4

## COUNT III

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.

☐ Basic necessities           ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                        ☐ Yes      ☐ No
b.    Did you submit a request for administrative relief on Count III?        ☐ Yes      ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?   ☐ Yes      ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

1- Compensatory and punitive damages in an amount to be proven at trial.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   7-1-22
DATE

_Smith_ (signature)

SIGNATURE OF PLAINTIFF

Lamar Smith

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

TRULINCS  35609044 - SMITH, LAMAR - Unit: TCP-A-A

--------------------------------------------------------------------------------

FROM: 35609044
TO: USP/SPC Health Services/Servicios de Salud
SUBJECT: ***Request to Staff*** SMITH, LAMAR, Reg# 35609044, TCP-A-A
DATE: 10/13/2021 06:48:26 AM

To: HSA Bass
Inmate Work Assignment: n/a

Morning. Please understand that I have been struggling mentally and physically. Pain in my left leg has been very uncomfortable and it has been very difficult for me to sleep at night. The medication that I am receiving at night pill line is not helping with any pain at all. Why am I only afforded pain medications once a day? Why haven't I been placed on call-out to review any concerns that I may have pertaining to my left leg (knee)? I have been back at the institution almost 3 weeks and still medical has not placed me on call-out.Why? No medical staff has required to even look at my leg. The only thing that was done by medical since I have returned back was placing me on call-out to see the physical therapist and that consultation was somewhat meaning that things that I required to have as for as special needs extra blankets/pillows to place between my legs or to just give my leg comfort to ease sleeping better was denied or not recommended by physical therapist I also asked through laundry services and I had asked if this were available I was told that medical has to approve such request once I explained this to physical therapist I was told no as if my request had to be made through sick call when I was in physical therapist office request my concerns. He seemed unprepared to meet my simple requests. It appears and seems that health services is unprepared or to busy to prioritize special needs for such injury. I allowed enough time for your medical staff or medical doctors to review the hospital records/documentations thinking that your medical staff will placed me on call-out as a priority call-out but still no avail. Why? As I have through this email trying to explain the pain and suffering I hope that you may please try to understand that I am concern about my life and well-being in the hands of your medical staff. Thank you and I hope that you have a bless day. God bless you and staff. Be safe.

Exhibit 1

he remained in the lobby of the Health Services Dept. seeking medical care. Plaintiff returned to his housing unit where Lt. Masterson and Dr. Licata were exiting and plaintiff explained to them what had just occurred and showed them the infected knee. No medical staff examined plaintiff that day.

On Saturday July 10, 2021 plaintiff activated his in-cell duress alarm twice seeking medical attention due to increasing fever and pain in the knee. I told the officer (Defendant Doe #2) I couldn't walk to the dining Hall for lunch also. Plaintiff was provided no meals nor medical attention. Later, Officer Sheriff examined the swollen, discolored and infected knee and she stated "please do not die on me" and called medical but the medical staff member (Defendant Doe #3) never showed up to examine or triage plaintiff. I was escorted by inmate James Mosey to the front of the officers station where I fell to the floor seeking help. Rather than being medically examined, defendant A. Gallion arrived with Defendants Doe #4 and 5 and stated I had "30 seconds to get up" or he'd lockdown the unit. He refused any medical aid, and Doe's #4 and 5 stood by and watched but did nothing to help me.

On July 11th 2021 officer J. Francis was assigned to my unit and was making rounds. He approached my cell and ordered me to exit it. I explained to Francis my knee was swollen, infected, and I could walk on my own.

7

Francis looked at my knee and ordered me out of the cell and that he'd not call medical until I did. The swelling was so pronounced that when I moved the skin erupted emitting blood and a pus-like fluid. The duress alarm was activated and defendants Potter and Villa arrived to examine me. Neither would touch me and instead had inmates Brian Mawes and Miguel Morancy lift me up and carry me down the tier and staircase (as blood spilled onto the floor and stairs) and into a waiting wheelchair. Over 90 minutes later I was placed into a van and driven to Tucson Medical Center because defendants J. Duvett and J. Ulrich refused to call 911 citing a staff shortage. Upon examination at Tucson Medical Center I displayed a temperature of 104 and was rushed into surgery. I remained in the hospital until Sept. 22, 2021 requiring multiple surgeries and an eventual skin graft. My knee is permanently scarred and disfigured and I am in constant pain. The plaintiff spent weeks begging for medical treatment and accomodations (Ex-1, Req. to Staff dated 10/13/21) but was refused care by defendants Waite and Alexander who received the requests. The plaintiff's mother also contacted staff after defendants Bass, Alexander and Radford on 10-15-21 refused to help him with his knee and defendant Newland refused pain medications other than Ibuprofen or Tylenol stating "don't cry like a baby."

8

Prior to these incidents, defendants Blanckensee, Gonzales, and Howard were successively responsible for hiring, supervising, training and disciplining the Health Services Department employees. Multiple lawsuits were brought alleging denial or delay of medical care at USP Tucson which Blanckensee, Gonzales and Howard were made aware of. See, e.g. Cobler v. United States, No. 19-CV-00348-RM (D.Ariz.)(a claim of medical delay/denial); Tillery v. Silva, Case No. 15-CV-00181-CKJ (D.Ariz.)(same).

Despite these lawsuits, denial or delay in care at USP Tucson was endemic. In the lead-up to these lawsuits these prisoners submitted administrative remedy requests, appeals, and administrative claims under the Federal Tort Claims Act which Blanckensee, Gonzales, Howard and Beasley were involved — with BOP Attorneys— in investigating, deciding, and responding thereafter to these requests, appeals and claims about denied or delayed medical care at USP Tucson but took no action to improve the situation. Instead, they pursued a strategy of defend against or settle lawsuits, but doing something to improve medical care was not part of their strategy. According to the Health Resources and Services Administration USP Tucson is designate as a Healthcare Provider Shortage Area, one of the top three in the State of Arizona. See, http://data.hrsa.gov/tools/shortage-area/hpsa-find

9